Putnam Foundry & Machine Co. *vs.* Town Council of the Town of Barrington.

JULY 3, 1907.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Mandamus. Contracts.*

A town council charged with the reconstruction of the heating apparatus of the town hall made to the town meeting a recommendation that the work be done, and that the bid of petitioner be accepted. The town meeting passed a resolution appropriating a sum of money "for the reconstruction and renewal of the heating apparatus in the town hall building. Said sum to be expended under the supervision of the town council, as recommended in their report of to-day," and further authorized the town treasurer to hire a sufficient sum to meet the expenditure. On *mandamus* to compel the execution of the contract in writing:—

*Held,* that this did not constitute an acceptance of the bid of petitioner.

*Held,* further, that *mandamus* will not lie to compel a party to complete a contract, and that petitioner did not show that the act sought to be enforced was the plain duty of respondent without discretion.

*Semble:* that, if the facts were sufficient to establish a valid contract, then in such case petitioner had an adequate remedy and the writ would not issue.

Mandamus. Heard on appeal from Superior Court, and judgment affirmed.

Johnson, J. This is a petition for a writ of *mandamus* to compel the town council of the town of Barrington to cause to be executed a contract in writing for the reconstruction of the heating apparatus of the town building of said town of Barrington. Said petition is based upon the following facts, as to which there is no dispute:

Prior to the 16th day of August, 1906, the then town council of the town of Barrington invited certain dealers in heating apparatus, including the Putnam Foundry and Machine Company, to submit bids for the reconstruction of the heating apparatus of the town building of the town of Barrington. Several such bids were submitted, including one, by said Putnam Foundry and Machine Company, based upon certain plans and specifications submitted therewith, under date of August

16, 1906, said bid being for the sum of $2,250. Said town council, after considering said bids, made the following report:

"The heating of the Town Building as a whole has never been entirely satisfactory. This has been due in part to a lack of sufficient radiation. For the last two or three years it has been more difficult, although the same quantity of fuel was being used.

. "A committee from your Council called in the aid of several experts in heating to see if some change could not be made to secure better results.

"After a careful examination the changes deemed necessary by them varied considerably, as was shown by their bids.

"One firm, however, presented a bid for a complete reconstruction of the whole system. The plan outlined by this Company was the most satisfactory to this Council because it entered into detail and was thorough and clear. But the amount needed and the extreme importance of the work being done thoroughly if at all made it seem wise to us to present the matter to the electors of the Town for their action.

"Therefore we recommend to the electors that they authorize the new Council to make a thorough reconstruction of the heating system in the Town Building, that new boilers, extra radiation where needed, and such changes as were outlined in the specifications accompanying the bid of the Putnam Foundry and Machine Company, *and we further recommend that the bid of the aforesaid company, dated August, 1906, of $2,250, be accepted and the work awarded to them.*

"Our reason for these recommendations are these:

"That Company gave the only satisfactory and reasonable solution of the matter.

"The present boilers are not deemed of sufficient capacity or strength to bear the additional radiation, because of the worn-out or congested condition of parts of the same; and the plain, definite plan given by this company reveals the fact that they know what is needed and will give it to us."

The financial town meeting of said town, held November 6th, 1906, acting upon said report of said town council, passed the following resolution:

"*Resolved,* That the sum of $2,250, or so much thereof as may be necessary, be and hereby is appropriated for the reconstruction and renewal of the Heating and Ventilating Apparatus in the Town Hall Building. Said sum to be expended under the supervision of the Town Council, as recommended in their report of to-day.

"*Resolved,* That the Town Treasurer be authorized to hire a sufficient sum to meet the above expenditure."

The petition alleges that, relying upon the action of the town council and of said financial town meeting, the petitioner had procured the necessary materials for the fulfilling of said contract and had expended considerable sums of money for drawings and other services incidental to the installation of said heating apparatus, and has always, from the time of the acceptance of said bid by said town, as aforesaid, by said resolution aforesaid, been ready and willing and is now ready and willing, and hereby offers, to enter upon and complete said contract and to install said heating apparatus in accordance with said plans and specifications and bid of August 16, 1906.

At a meeting of the town council of said town, on December 15, 1906, the following motion was made:

"That the contract for the reconstruction of the heating and ventilating system of the Town Building be and hereby is awarded to the Putnam Foundry and Machine Company of Providence, R. I. as per the specification and accompanying bid of said Company under date of August 16, 1906." Upon being put to vote, this motion was lost by a vote of three to two.

On February 9th, 1907, the petitioner made a formal demand in writing upon said town council to execute said contract, but said town council has neglected and refused so to do.

The respondents demurred to the petition upon the following grounds:

1. That the statements contained in the third paragraph of said petition are inconsistent and contradictory.

2. That the petitioner, under the allegations of the petition, has no such legal right as to enable it to maintain the petition.

3. That the petition fails to show any neglect of duty

or refusal to perform any acts required of the respondents under the law.

4. That the petition does not show clearly what was the recommendation of the former town council to the electors of the town.

5. That the petition does not show when the sum appropriated by the financial town meeting for the reconstruction and renewal of the heating and ventilating apparatus in the town hall building was to be expended.

6. That the petition shows that the resolution passed by the financial town meeting called for the exercise of discretion and official judgment on the part of the respondents.

7. That the petition shows that it is an attempt to obtain a review or reversal of a decision already made by said respondents in a matter involving discretion.

8. That the petition shows that it is an attempt to establish a right, and not to enforce a right, already established.

The court below sustained the demurrer on the ground that the resolution of the financial town meeting did not constitute an acceptance of petitioner's offer and was not a mandatory direction to the town council.

From the decree sustaining the demurrer the petitioner appealed, assigning the following reasons of appeal:

1. That said decision was erroneous and contrary to law.

2. That said court erred in deciding that the petition showed no contract between the petitioner and the town of Barrington.

3. That said court erred in its construction of the meaning and effect of the resolution passed by the financial town meeting of the town of Barrington set forth in said petition.

4. That said court erred in finding that the direction of the financial town meeting to the town council was not mandatory.

The town council in their report, after referring to the condition of the heating apparatus of the town building, to the calling in of experts and the examination by them, and referring in terms of approval to the bid of the petitioner for a complete reconstruction of said apparatus, proceeds to "recom-

mend to the electors that they authorize the new Council to make a thorough reconstruction of the heating system in the Town Building, that new boilers, extra radiation where needed, and such changes as were outlined in the specifications accompanying the bid of the Putnam Foundry and Machine Company, and we further recommend that the bid of the aforesaid company, dated August, 1906, of $2,250, be accepted and the work awarded to them."

The recommendation of the town council as to new boilers, extra radiation where needed, and such changes as were outlined, is evidently not complete. After making the recommendation for a thorough reconstruction of the heating apparatus in the town building, the report continues with the words, "that new boilers, extra radiation where needed, and such changes as were outlined in the specifications accompanying the bid of the Putnam Foundry and Machine Company," and then, without completing the sentence, says: "and we further recommend that the bid of the aforesaid company dated August, 1906, of $2,250, be accepted and the work awarded to them." The financial town meeting, on November 6, 1906, acting on said report of the town council, passed a resolution appropriating "$2,250, or so much thereof as may be necessary" for the reconstruction and renewal of the heating and ventilating apparatus in said town building. "Said sum to be expended under the supervision of the Town Council as recommended in their report of to-day," and also authorized the town treasurer to hire a sufficient sum to meet the above expenditure.

Counsel for the petitioner argues that the bid was accepted by the financial town meeting and that there was therefore a contract made between the petitioner and the town, although the offer submitted contained a form for the acceptance thereof by the town in writing, and that there remains only the ministerial duty of causing the contract submitted by the petitioner to be executed by the town council so that the petitioner may have the written evidence of the contract to which it claims it is entitled. Counsel admits that the intent of the resolution of the financial town meeting would not be clear standing alone, but argues that when taken in connection with the recommen-

dation of the town council the intent is clear, and that it constitutes an acceptance of the petitioner's offer.

Counsel for the petitioner has cited several cases where *mandamus* has been held to lie to compel the award of a contract to the lowest bidder therefor,—*Boren* v. *Darke County Comr's,* 21 Ohio St. 311; *Beaver* v. *Trustees for Institution for the Blind,* 19 Ohio St. 97; *People* v. *Contracting Board,* 46 Barb. 254; *People* v. *Buffalo County,* 4 *Neb.* 150. In all these cases, however, these were statutes requiring contracts for either public buildings or other public work to be awarded to the lowest bidder. These cases, therefore, are not in point, there being no such statutory provision in this case. We think, however, that the court in *State* v. *Board of Education of Fond du Lac,* 24 Wis. 683, stated the better rule as to the right of the lowest bidder in the class of cases last referred to, as follows: "The statutory provision requiring the contract in such cases to be let to the lowest bidder is designed for the benefit and protection of the public, and not of the bidders."

Counsel also cites *Ingerman* v. *State,* 128 Ind. 225; *People* v. *Coler* 34 N. Y. App. Div. 167; *Chapin* v. *Osborn,* 29 Ind. 99; *People* v. *Syracuse,* 144 N. Y. 63; *Reg.* v. *Justices,* 6 New Brunswick, 273; and *Portland Stone Ware Co.* v. *Taylor,* 17 R. I. 33, to the effect that a ministerial officer, who has a specific fund in his hands, may be compelled by *mandamus* to make lawful distribution of the fund. This is undoubtedly good law, and is supported by all the cases cited. *Portland Stone Ware Co.* v. *Taylor* illustrates the principle as clearly as any of the cases. In that case authority was given to the District of Narragansett, by Pub. Laws, R. I. cap. 726, of June 13, 1888, to borrow a sum, not exceeding one hundred thousand dollars, to be used by said district for roads, sewerage, water supply, fire purposes, and public buildings, and for no other purposes, under the direction of the district council. The district duly authorized the district council to borrow said sum of one hundred thousand dollars upon the bonds of the district, which was done, and the proceeds were deposited in the bank as a special deposit for the purposes aforesaid. Pursuant to the authority so given, the district council contracted with

the Portland Stone Ware Co. for drain pipe to be used for the purpose of sewerage, and, after delivery, gave to said company two orders directing the treasurer of the district to pay the bills thus incurred out of said fund, which was sufficient to meet said orders. The treasurer refused to pay said orders, and the company petitioned for a writ of *mandamus* to compel him to pay them. Upon this state of facts the court said: "It appears that the fund, out of which payment is sought, is a special fund, a special deposit for a special purpose. The expenditure of this fund is expressly given to the district council. So far as the treasurer is concerned, he has simply the ministerial duty to pay it out under the direction of the council. In cases of this kind *mandamus* will lie." The mere statement of the case is sufficient to show that it has nothing in common with the case at bar, except that it was a petition for *mandamus*.

We do not find that the petitioner's case is supported by any of the cases cited.

To warrant the issuance of a writ of *mandamus*, the petitioner must show first a legal right to have the act done which is sought by the writ; and second, it must appear that the act which is to be enforced by the mandate is that which it is the plain legal duty of the respondent to perform, without discretion either to do or refuse; and third, that the writ will be availing as a remedy, and that the petitioner has no other plain, speedy, and adequate remedy. *Sweet* v. *Conley*, 20 R. I. 381; Spelling Ex. Leg. Rem. § 1369; *State* v. *Malheur County* (Or.), 81 Pac. 368. We do not think that the petitioner fulfills any of these requirements. It can only base its claim upon the action of the financial town meeting, as the first town council plainly only made recommendations that the work be done and that the bid of the petitioner be accepted. The financial town meeting, instead of accepting said bid, only appropriated $2,250 or so much thereof as may be necessary "for the reconstruction and renewal of the Heating and Ventilating Apparatus in the Town Hall Building. Said sum to be expended under the supervision of the Town Council, as recommended in their report," and authorized the town treasurer to

hire a sufficient sum to meet the above expenditure. If the financial town meeting had desired to accept the bid of the petitioner it could easily have done so, but it did not.

Counsel says that "in the case at bar it is sought to *command action; to complete the unfinished;* to remedy *non feasance,*" and quotes from *Corbett* v. *Naylor,* 25 R. I. 520, at 522: "The function of *mandamus* is to compel the performance of a legal duty. To command action; not to review action. To complete the unfinished." The court there was speaking of an election where the count of votes had been finished. If the count had not been finished it might have ordered it to be finished. To compel one to complete the making of a contract, however, would be a different matter from compelling the counting of votes cast at an election. No case has been brought to our attention, and none has come to our notice, where a court by *mandamus* compelled a party to *complete* a contract. Parties must make their own contracts. Only the finished contract, not a contract in process of making, is recognized by the law.

The petitioner has shown no legal right to have the act done which it seeks. It has not shown that the act sought to be enforced is the plain duty of the respondents, without discretion on their part either to do or refuse. If there is not a contract existing, the court can not make one by *mandamus*. And if the facts shown were sufficient to establish a valid contract, then the petitioner would have the same plain, speedy, and adequate remedy thereon that any party to a contract has, and in such case the writ would not issue.

The appeal is dismissed, the judgment affirmed, and the petition is remanded to the Superior Court for further proceedings.

*George H. Huddy,* for petitioner.

*Alfred S. Johnson, and Arthur P. Johnson,* for respondents.