## EDWARD B. MARKS MUSIC CORPORATION v. STASNY MUSIC CORPORATION et al.

District Court, S. D. New York.

April 26, 1941.

Arthur E. Garmaize, of New York City, for plaintiff.

William H. Darrow, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff moves pursuant to Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order granting summary judgment.

The action is for copyright infringement of a musical composition entitled "Alla en el Rancho Grande" hereinafter called "Rancho."

The complaint alleges that Silvano R. Ramos, a citizen of the Republic of Mexico, prior to March 10, 1927, assigned to Salvador Cabrera, a Mexican music publisher, the musical composition "Rancho" together with all rights therein, including the right to secure copyright thereon.

On or about April 30, 1927, following publication of this musical composition, with notice of copyright, Cabrera deposited in the office of the Register of Copyrights, Washington, D. C., a complete copy of the best edition thereof then published, accompanied by a claim of copyright and

the Register of Copyrights received the requisite fee. Thereupon a certificate of registration as Class E For. XXc No. 663020 was issued to Cabrera.

On or about July, 28, 1934, Cabrera by an executed and recorded assignment transferred all his right, title and interest in the copyright to the plaintiff.

The defendants are charged with the infringement thereof.

Defendants deny that Ramos composed this musical composition and contend that long prior to 1926 it was "publicly known and produced and published without restriction in various sections of the United States and Mexico" and was thus in the public domain. The issues raised are:

1. Was Ramos the author of the musical composition which is the subject matter of this action, or

2. Did this musical composition belong in the public domain being traditional or folk lore?

■ Upon an application for summary judgment, the formal issues presented by the pleadings are not controlling and the court must ascertain from an examination of the proof submitted whether a substantial triable issue of facts exists. Securities and Exchange Commission **v.** Payne, D.C., 35 F.Supp. 873.

A consideration of the affidavits and exhibits presented reveals a sharp issue of fact as to whether or not "Rancho" is in the public domain.

■ True, the issuance of a certificate of registration is prima facie proof of authorship and copyright ability. Vitaphone Corp. v. Hutchinson Amusement Co., D. C., 28 F.Supp. 526.

■ The opposing affidavit of the defendants' attorney states that the song in question was published in 1931 in Volume IX of "Southwestern Lore" and is also found in a book entitled "American Ballads and Folk Songs" by John A. Lomax and Alan Lomax, published by The Macmillan Company in 1934. Deponent avers that he "was advised by Mr. Vigilante, Assistant Librarian of The New York Public Library, that John A. Lomax was considered an outstanding authority on traditional and folk lore songs in the United States"; that he received a letter from John A. Lomax stating that in his opinion, the composition herein was a traditional folk song. For reasons stated in the affidavit, defendants' attorney has not been able to secure further information from Lomax. This, in itself, constitutes ground for denying the present application. Rule 56(f), F.R.C.P.

There is also annexed to the opposing affidavit, a copy of a letter dated April 11, 1941, addressed to defendant's attorney, signed in the name of J. Frank Dobie, Secretary and Editor of the Texas Folk-Lore Society, publisher of "Southwestern Lore" wherein the writer expressed the opinion that "Alla en el Rancho Grande is a traditional song." There is also annexed to said affidavit a letter addressed to American Society of Composers, Authors and Publishers, from the Southern Music Publishing Co., Inc., dated July 6, 1939, wherein it is stated that according to the Secretary of Public Education of Mexico, having charge of copyright registrations, that said "Rancho" composition is in the public domain.

■ Plaintiff has also annexed copies of letters to his moving papers.

Rule 56 requires that the facts must be contained in affidavits based on personal knowledge and admissible as evidence and show affirmatively that the affiant is competent to so testify. Rule 56(e). Hence, letters as such, are not proper. Either the affidavit or deposition of these parties should be submitted.

■ Of course, the court could disregard any improper papers before it. However, until the attorneys become more familiar with the procedure under the new Rules the courts have shown a disposition to be indulgent. Walsh v. Connecticut Mutual Ins. Co., D.C., 26 F.Supp. 566.

■ I believe that a triable issue of fact has been raised as to whether this "Rancho" composition is in the public domain. The papers are really inadequate for me to decide that issue.

This motion was made returnable Feb. 14, 1941, but has been adjourned from time to time. The trial of the action was set for April 4, 1941, and adjourned at defendants' request.

Due to the statement of counsel for the defendants that he has not been able to secure affidavits from alleged experts, and to the further fact that certain letters have been submitted herein by both parties, apparently to prove the facts stated in those letters, and which proof I cannot accept in that form, I am constrained to deny this application, without prejudice, to afford

both parties the opportunity to marshal the facts for proper presentation. See Rule 56(e) and (f) F.R.C.P. Settle order on notice.