See also D.C., 33 F.R.D. 521.

**Alberta H. TAYLOR, Plaintiff,**

v.

**ROYAL INSURANCE COMPANY, Limited, Defendant.**

Civ. A. No. 14233-4.

United States District Court
W. D. Missouri, W. D.
Dec. 16, 1963.

John P. Zimmerman, Kansas City, Mo., for plaintiff.

Knipmeyer, McCann & Millett, by Glenn McCann, Kansas City, Mo., for defendant.

BECKER, District Judge.

In this suit upon a Scheduled Property Floater Policy issued by defendant, plaintiff seeks to recover for the loss in Illinois of personal property allegedly valued at $9,575.06.

Plaintiff also seeks to recover interest, a penalty in the amount of 10 per cent of the loss and an attorney's fee of $1,540.00 under the Missouri statutes providing a penalty and attorney's fees for the vexatious refusal of an insurer to pay a loss.

This suit was first filed in the Circuit Court of Jackson County, Missouri and removed because of diversity and assumed presence of the jurisdictional amount.

Defendant has moved for summary judgment on the ground that

"The policy on its face shows that it was issued and delivered to the plaintiff in the State of Iowa, therefore making it an Iowa contract and subject to interpretation of its provisions under the Iowa law.

"The policy, under the heading of 'Conditions', paragraph 13, provides:

" 'No suit, action, or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same shall be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim.' "

Defendant asserts that the plaintiff claims the alleged loss occurred March, 1960, and was discovered on or about March 24, 1960; that the suit was filed January 14, 1963; that under governing Iowa law the quoted contractual limitation is valid and bars the claim.

The motion for summary judgment cannot be considered in its present form for the following reasons:

■■ 1. It is not in proper form because of the lack of supporting documentation. The policy was not attached to the motion nor made a part of the record (an omission which can be corrected); the motion contained no narrative of the evidence favorable to plaintiff in the filed deposition of plaintiff. The motion was in one sentence stating only the conclusion that defendant is entitled to judgment as a matter of law. For suggested proper forms of motions for summary judgment, see 4 West, Federal Forms ¶ 4724, 4725, p. 189; ¶ 4724A, 4724B pocket parts 1963, pp. 85, 86; 5 Barron and Holtzoff, Federal Practice and Procedure Sections 4274, 4275 and 4276, pp. 515–516. While the filing of an affidavit in support of a motion for summary judgment is not required if all the facts appear of record, there should be filed in support of the motion for summary judgment a comprehensive statement narrating or setting forth the evidence and other materials relied upon with appropriate reference to the sources thereof so that the Court will not have to review all materials of record. The motion before the Court is insufficient in form for failure to conform to these requirements.

■ 2. The motion does not show that there is no genuine issue of material fact. Among other things the motion fails to negative (a) facts which would make the law of Missouri or Illinois applicable; or (b) facts which would show waiver or estoppel of the defendant to invoke the contractual limitation. Furthermore, in Missouri and perhaps in Illinois the contractual limi-

tation may be unenforcible. For example see RSMo Section 431.030, V.A. M.S., declaring such agreements "null and void."

*Question of Applicable Law*

 The motion for summary judgment does, however, raise serious question as to the law applicable to the contract, and, incidentally, to the jurisdiction of this Court. If this is clearly not a Missouri contract, the Missouri statutes providing 10 per cent penalty and a reasonable attorney's fee may not apply. Thompson v. Traders Ins. Co. (1902) 169 Mo. 12, 68 S.W. 889; Ayers v. Continental Ins. Co. (Mo.App.1919) 217 S. W. 550; Sections 375.168, 375.169 RSMo.

If the Missouri vexatious refusal statutes are inapplicable and the applicable jurisprudence of Iowa (or Illinois) contains no similar provisions, this suit really involves only $9,575.06 exclusive of interest and costs, and should be remanded to the state court for absence of the jurisdictional amount. Colorado Life Co. v. Steele (C.A. 8) 95 F.2d 535.

These questions of the applicable law and jurisdiction should be determined promptly. To advance such determination it is hereby

ORDERED that defendant file in 12 days a full written statement and brief on the questions of the applicable law, and of the presence of the jurisdictional amount including a reference to application of the following statutes: Sections 375.420, 375.168 and 375.169 RSMo, V. A.M.S. and any other applicable statutes. Within five days after service of the defendant's response to this order, plaintiff shall file a similar written statement and brief in reply thereto. In the statements filed any actual matter of record shall be summarized or quoted with appropriate references to the source. In any matter not of record, affidavits of the type required by Rule 56 shall be filed.

The statements and briefs will be considered as supplemental documents in connection with the pending insufficient motion of defendant for summary judgment.

In the meantime, ruling on the pending motion for summary judgment will be deferred until the parties have an opportunity to comply with this order.

Attention of counsel is invited to the following additional authorities in the conflict of laws question: 29 Am.Jur. Insurance §§ 19–35, pp. 445–55; Yeats v. Dodson (1939) 345 Mo. 196, 127 S.W. 2d 652, modified, 345 Mo. 196, 138 S.W. 2d 1020; State ex rel. McCubbin v. Mc-Millian (Mo.App.1961) 349 S.W.2d 453, l. c. 466.