216 A.2d 517.

ANTHONY J. LANCIA *et al. vs.* GROSSMAN'S OF RHODE ISLAND, INC.

FEBRUARY 1, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Powers, J. This is an action of the case for usury commenced pursuant to the provisions of G. L. 1956, §6-26-4. It was tried before a superior court justice, sitting without a jury, and resulted in a decision for the defendant. The case is before us on the plaintiffs' exceptions to the overruling of their demurrer to the defendant's special plea and to the decision on the merits.

The facts on which this action is predicated are set forth in an agreed statement, which reads in part as follows:

"1. Plaintiffs were indebted to Defendant for goods sold and delivered in the sum of $611.32. Plaintiffs' debt to Defendant was overdue for a considerable time prior to April 5, 1961. Defendant had threatened to attach Plaintiffs' property to enforce collection of said debt.

"2. On April 5, 1961, Plaintiffs executed a note and mortgage to induce Defendant to forebear from com-

mencing legal action against Plaintiffs for recovery of said debt.

"3. The note executed by Plaintiffs included interest computed at the rate of six (6%) per cent per annum for the term of the note, on the indebtedness of $611.32. The term of said note was thirty-six (36) months. Pursuant to the terms of said note, Plaintiffs agreed to pay a total of $721.36 and to make thirty-five successive monthly payments of $20.00 each commencing May 5, 1961, and a final payment of $21.36.

"4. Plaintiffs defaulted said note on or about the 5th day of May, 1961, in that they did not make the first monthly payment as called for in said note. Plaintiffs made the following payments:—

| | |
|---|---|
| September 30, 1961 | $20.00 |
| March 31, 1962 | 40.00 |
| June 30, 1962 | 20.00 |
| Total | $80.00 |

"5. Foreclosure was commenced against the mortgaged real estate of Plaintiffs on or about August 21, 1962, approximately fifteen and one half (15½) months after default. The foreclosure sale was to be held September 12, 1962.

"6. On September 11, 1962, the sum of $885.86 was paid to Defendant by Plaintiffs. This amount was the full amount claimed by defendant to be due. The foreclosure sale scheduled for September 12, 1962, the following day, was therefore cancelled.

"7. Of the sum of $885.86, Defendant accounted to Plaintiffs as follows:

| | |
|---|---|
| Balance due on the aforesaid note | $641.36 |
| Auctioneer's fee | 50.00 |
| Providence Journal advertisement mortgage foreclosure | 44.16 |
| Attorney's fees | 150.34 |
| Total | $885.86" |

After plaintiffs discharged their obligation as aforesaid, they commenced suit by writ dated November 21, 1962

and in their declaration, after reciting the relevant facts, alleged that the payment exacted by defendant was usurious in that it exceeded the maximum charge or compensation for interest and services or expenses incidental to the making, negotiation or collection of such indebtedness permitted by G. L. 1956, §6-26-2. That section provides:

> "No person, partnership or corporation, hereafter loaning money to or negotiating the loan of money for another, except duly licensed pawnbrokers and persons licensed under the provisions of chapter 25 of title 19, shall, directly or indirectly, reserve, charge or take interest on such loan, whether before or after maturity, at such a rate, or reserve, charge or take compensation for services or expenses incidental to the making, negotiation or collection of such loan, in such an amount, that the total of one year's interest, reckoned at the rate so reserved, charged or taken, and of all such compensation for services and expenses, shall exceed thirty per cent (30%) of the amount actually received by the borrower, on all amounts exceeding fifty dollars ($50.00), whether in one or more loans, and on all amounts not exceeding fifty dollars ($50.00), five per cent (5%) per month, for the first six months and thereafter two and one-half per cent (2½%) per month of the amount actually received by the borrower."

The defendant pleaded generally and specially, traversing the allegations in plaintiffs' declaration and concluded as follows:

> "The charges additional to the aforesaid sum of Six Hundred Forty-One And 36/100 ($641.36) Dollars paid by the plaintiffs to the defendant as unpaid principal and interest, were not charges or compensation for interest and services or expenses incidental to the making, negotiation or collection of such indebtedness, but were incidental to a separate and distinct transaction, being the default of the plaintiffs on the note and foreclosure of the mortgage."

The plaintiffs' demurrer to defendant's special plea was overruled and they then prosecuted their bill of exceptions

to this court. See *Lancia* v. *Grossman's of Rhode Island, Inc.*, 99 R. I. 337, 207 A.2d 607, wherein we held that the bill of exceptions had been brought prematurely contrary to the authority of §9-24-24 as laid down in *Troy* v. *Providence Journal Co.*, 43 R. I. 22. Accordingly, the case was remitted to the superior court for further proceedings.

Thereafter plaintiffs filed a replication averring that they ought not to be barred from maintaining their action because the sums set forth were in fact and in law charges or compensation for services or expenses incidental to the collection of plaintiffs' indebtedness to defendant in violation of the laws of the state. The case was then submitted to a superior court justice on the stipulated facts heretofore recited. He entered a decision for defendant wherein he concluded that the expenses incurred by a creditor in foreclosing a mortgage, specifically authorized by §34-11-22, were not the "compensation for services or expenses" computable as interest by the provisions of §6-26-2.

Section 34-11-22 is entitled "Statutory power of sale in mortgage" and expressly assesses against the mortgagor all costs or expenses incidental to foreclosure, including fees of counsel and attorneys. Impliedly, the trial justice believed that the cost or expenses incurred by a creditor whose claim was secured by a mortgage did not constitute the hidden interest intended by the legislature to be covered by the provisions of §6-26-2.

In our judgment the trial justice reached the correct result, but for the wrong reason. His decision, however, does not thereby become erroneous. *Budwee* v. *New England Motors, Inc.*, 99 R. I. 663, 210 A.2d 131; *Andrews* v. *Penna Charcoal Co.*, 55 R. I. 215.

It is a well-established principle that it is the duty as well as the right of the court to probe behind the written contracts and to examine all facts and circumstances which shed any light upon the true nature of the transaction. *General Motors Acceptance Corp.* v. *Mid-West Chevrolet*

*Co.*, 66 F.2d 1. In *Nazarian* v. *Lincoln Finance Corp.*, 77 R. I. 497, this court clearly indicated its familiarity with and approval of that principle and further noted that a debt created by a sales agreement between a creditor and debtor such as that of which plaintiffs here were in default on April 5, 1961, was a business transaction and not a loan within the meaning of the law against usurious contracts.

Even so, plaintiffs argue, it has been universally held that forebearance of the debt such as was here present constitutes a loan and this notwithstanding the nature of the original transaction. Indeed, they strenuously contend that this court took cognizance of this in our prior decision in *Lancia* v. *Grossman's of Rhode Island, Inc., supra.*

It is true that there is dictum in that decision from which plaintiffs might understandably hope to derive some comfort. However, the only question then before us was the alleged prematurity of their bill of exceptions. The merits of the controversy were not then in issue and we were concerned only with plaintiffs' right to prosecute a bill of exceptions on the then posture of the case. Conclusions in that decision on any other issue are not now controlling upon us.

After carefully considering extended argument on the merits at the proceedings herein reported, it is our judgment that where a pre-existing obligation arising out of a business transaction, such as a sale of merchandise, becomes the basis or core of a subsequent agreement which extends the time within which the debt becomes payable, said subsequent agreement retains the character of a business transaction as distinguished from a loan between the parties. This is so even though during such extended time the debtor is obligated to pay interest and costs of collection including attorney fees which do not inure to the benefit of the creditor and would not arise except by default of the debtor.

The plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Factor, Chernick & Hillman, William C. Hillman,* for plaintiffs.

*Adler, Pollock & Sheehan, Bernard R. Pollock, Peter Lawson Kennedy,* for defendant.