224 A.2d 44.

CASTLE REALTY COMPANY *vs.* FLORENCE L. SOLOVEITZIK, *Town Clerk.*

NOVEMBER 14, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for a writ of mandamus seeks to compel the respondent, in her capacity as town clerk of the town of Westerly, to transcribe and record in Book 24 of the council meeting records of that town an ordinance alleged to have been enacted on November 13, 1962 entitled chap. 267 of the ordinance and purporting to amend the provisions of chap. 266 of said ordinance entitled "Zoning" as it relates to the zoning restrictions in effect upon land of the petitioner more particularly described in paragraph 18 of its petition. The cause was heard by a justice of the superior court, who found that the council in fact did not enact the ordinance entitled chap. 267 in amendment of chap. 266 and denied and dismissed the petition. From that decision the petitioner has prosecuted its appeal to this court.

From the record it appears that in July 1962 the town council adopted chap. 266, which, among other things, changed the zoning classification of land owned by John W. Sweeney from manufacturing M-1 to residential R-2. It further appears that on September 13, 1962 at the request of said John W. Sweeney a committee engaged in proposing amendments to said chap. 266 recommended to the town council that it change the restrictions on the Sweeney property from R-2 residential to M-1 manufacturing, the classification in which it had been placed prior to the enactment of said chap. 266. Thereafter, on November 5, a public hearing was held on the proposed amendments, and on November 13 the town council in meeting assembled, among other things, considered the recommended amendments to chap. 266, and Council Records Book No. 24 discloses the following:

"Voted: To adopt the following Ordinance in amendment of Chapter 266:

Chapter 267
An Ordinance In Amendment Of The Zoning Map And Code Accompanying And Made Part Of Chapter

266 Of The Ordinances Of The Town Of Westerly As Revised July 19th, A.D. 1962."

It is not disputed that Council Records Book No. 24 contains nothing other than the heading already quoted above with respect to chap. 267 and nowhere therein does there appear an ordinance purporting in terms to amend the provisions of chap. 266. It does appear, however, that pages 25 and 26 of said Council Records Book No. 24, which immediately follow the heading above quoted, have been left blank. On this record and on evidence presented during the hearing the trial justice concluded that on November 13, 1962 the town council voted to enact an ordinance amending chap. 266 but that it had before it no such ordinance in terms and that the vote of the town council, in the words of the trial justice, was "that the Town Council favorably acted upon designations of areas having to do with the rezoning, including the property of the late Judge John Sweeney. The Council did not in fact enact an ordinance."

The petitioner argues that the trial justice erred in her conclusion that the council did not enact an ordinance, contending that enacting a resolution approving amendments to the zoning ordinance, coupled with the enactment of the title of chap. 267, constituted an exercise of the legislative power that in legal effect amended chap. 266 so far as the Sweeney land is concerned. The petitioner points also to the testimony of a former town solicitor that on many occasions zoning ordinances, after approval in substance by the town council, were prepared by the town clerk and put into the official records without further consultation with the council. It concedes, however, that some zoning ordinances in the past were drafted by the town clerk and submitted in complete text to the town council for enactment. Our attention is directed also to the absence of any evidence in the record establishing that any charter provision, ordinance, rule, or regulation requires that the written text of

an ordinance be presented to the town council as a condition precedent to its enactment.

In short, this petitioner seeks to use a proceeding for the issuance of a writ of mandamus to establish the authority of the town clerk to formulate the text of a zoning ordinance and to enter that ordinance in the records of the council meetings whenever the council leaves such ordinance incomplete or, as here, stops with the enactment of an entitlement clause. This contention is based obviously on the fact that no provision of law or rule or regulation and no custom prohibits such action on the part of a town clerk. It is clear then that petitioner seeks in this petition for a writ of mandamus to establish the right of the town clerk to perform the pertinent act in her ministerial capacity as a nonlegislative officer of the town.

We are unable to agree that the right of a respondent to perform the act sought to be performed by petitioner properly may be established in a proceeding for mandamus. We have said frequently that mandamus should issue only where the petitioner has a clear legal right to have done the act he seeks and where the respondent has a clear legal and ministerial duty to perform that act without any discretion to refuse. In *Aniello* v. *Marcello,* 91 R. I. 198, 203, quoting from *Sun Oil Co.* v. *Macauley,* 72 R. I. 206, we said, referring to the mandamus proceeding: " 'It is not generally used to establish such a right and it is usually denied where such an alleged right is either uncertain or doubtful.' "

We find inescapable the conclusion that the authority of the town clerk to perform the act sought here, that is, the preparation of the text of chap. 267 amending chap. 266, is doubtful. As we have noted, there is nothing in the record that indicates an express grant of such power to the town clerk, and for that reason the petitioner's argument must rest on the contention that such authority inheres in the office of the town clerk and is evidenced by the fact that on

some indefinite occasions that officer is alleged to have exercised that power. We cannot accept such contention, being of the opinion that no part of the legislative power of the town council inheres in the office of the town clerk, and for that reason conclude that the existence of the right of the officer to perform the act sought of her is doubtful and we will not try out its existence in a proceeding for mandamus.

The appeal of the petitioner is denied, the judgment appealed from is affirmed, and the case is remitted to the superior court for further proceedings.

*James O. Watts, Norbert Fessel,* for petitioner.

*Michael A. Santoro,* for respondent.