574 So.2d 264 (1991)
Guy M. TUNNELL, Sheriff of Bay County, Florida, Appellant,
v.
Robert Wayne HICKS, Appellee.
No. 90-1539.
District Court of Appeal of Florida, First District.
February 6, 1991.
*265 Julius F. Parker, Jr., and Jennifer Parker LaVia, of Parker, Skelding, Labasky and Corry, Tallahassee, for appellant.
Paul G. Komarek, of Daniel & Komarek, Chartered, Panama City, for appellee.
ERVIN, Judge.
Sheriff Guy Tunnell, appellant, seeks review of an order entered in an action for conversion granting appellee Robert Hicks' motion for summary judgment, which required Tunnell to return money improperly seized from Hicks, together with interest. We reject without discussion Tunnell's contentions that the court lacked subject-matter jurisdiction over the conversion claim, and that Hicks did not obtain a proper denial of the claim, as required by Section 768.28(6)(a), Florida Statutes (1989). We reverse, however, the award of prejudgment interest, for the reason that section 768.28(5) does not permit such awards in tort claims against a subdivision of the state. We otherwise affirm the summary judgment, in that Tunnell failed to properly present evidence that would have raised a genuine issue of material fact.
On January 27, 1989, Hicks was arrested on a Gulf County capias and taken to the office of Deputy Frank McKeithen at the Bay County Sheriff's Office. In his deposition, McKeithen testified that when Hicks was found, he was carrying $16,655.00 in cash. McKeithen seized the money and released Hicks later that day. Hicks was not arrested on any charges from the Bay County Sheriff's Office, nor were any charges ever filed against him for any crime associated with the money.[1] McKeithen stated that he believed he had probable cause to seize Hicks' money, but he would not divulge the basis for his belief because it related to an ongoing criminal investigation, about which he would not elaborate. McKeithen testified that he was aware of a rumor that the cash had been turned over to the federal Drug Enforcement Agency (DEA) and customs because of the ongoing investigation.
After Hicks sued Tunnell[2] for conversion, Tunnell filed a motion to dismiss, alleging that DEA had seized the money, and that the sheriff's office was therefore not the proper party to sue for conversion. He attached to his motion a copy of a letter he had earlier sent to Hicks following Hicks' demand for return of the money in which Tunnell stated:
The money in question was seized by my personnel pursuant to 21 U.S.C. § 881 and the custody thereof has since been relinquished to the United States Drug *266 Enforcement Agency (DEA) as it apparently relates to an on-going investigation conducted by that agency. I further understand that DEA has filed a Federal forfeiture proceeding in this matter and suggest that you contact their office should you have any additional questions.
The trial court denied Tunnell's motion.
Following discovery, Hicks moved for summary judgment. After the hearing was completed, but before summary judgment was entered, Tunnell mailed an unsworn document to the trial judge entitled, "Declaration of Forfeiture," which purports to have been issued by the DEA. The document's signatory states that DEA had seized $16,655.00 from Hicks and that the money had been forfeited to the United States. Based upon the above record, the court granted Hicks' motion.
In affirming the entry of summary judgment for Hicks, we observe that the two documents described above might have raised an issue of fact had they been properly submitted pursuant to Florida Rule of Civil Procedure 1.510. The Declaration of Forfeiture was unauthenticated and was not filed prior to the hearing, pursuant to rule 1.510(c). The copy of the letter from Tunnell was an unauthenticated exhibit attached to the motion to dismiss, whereas the provisions of rule 1.510(c) require the court, in determining the propriety of a motion for summary judgment, to consider only "pleadings, depositions, answers to interrogatories and admissions on file together with affidavits." See Fish Carburetor Corp. v. Great Am. Ins. Co., 125 So.2d 889, 892 (Fla. 1st DCA 1961). Tunnell failed to attach either document to affidavits that presumably would have ensured their admissibility. See DeMesme v. Stephenson, 498 So.2d 673, 675 (Fla. 1st DCA 1986). Accord C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2722 (1983) (under the comparable federal rule, exhibits may be considered only if authenticated by and made part of an affidavit); Edward B. Marks Music Corp. v. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y. 1941) (court correctly did not consider letter that was neither authenticated nor attached to affidavit).
Although Sheriff Tunnell apparently had sufficient evidence to thwart the motion for summary judgment, he did not file it in a manner that would permit the trial court to consider it pursuant to the provisions of the rule. We therefore AFFIRM in part, REVERSE in part, and REMAND with directions to vacate the award of prejudgment interest.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] McKeithen did not know whether the Gulf County capias was withdrawn.
[2] Hicks also sued McKeithen and the Bay County Board of County Commissioners, but the court dismissed these parties.