[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant moved for summary judgment, and plaintiff so moved as to Count II of her amended complaint. Before the Court are memoranda of counsel with attached exhibits which include the policy itself, declaration sheets, affidavits, and deposition testimony.
Plaintiff was seriously injured in March 1989 while a passenger in an automobile operated by one Garcia, and owned by his wife. Contending that Garcia's liability coverage was not adequate to compensate her and other passengers who were injured, she filed a claim under the uninsured motorist provisions of defendant's policy, held by her former husband, Joseph P. Crocker. Defendant declined coverage on the grounds plaintiff was no longer Joseph's wife, did not reside in his household, and did not fit the definition of "covered person" under the uninsured motorist provisions of the policy.
Count I of plaintiff's amended complaint avers that prior to the final decree of divorce, entered January 26, 1989, she was a named insured on the policy, that defendant removed her as such at the husband's request, and this without notice to her. The relief sought is that the Court declare her to be a named insured as of the date of her injuries, and entitled to the benefits of the policy.
Count II avers that plaintiff was listed as a driver of one of the two vehicles covered under the policy, that she owned one of those vehicles, that her former husband intended that both be given full coverage benefits as named insureds after the divorce, that she was denied coverage by defendant because she was not a member of the family of the then named insured, Joseph P. Crocker. Reformation of the policy is sought by adding her as a named insured.
It appears that at the time the Crockers separated, he notified defendant he'd changed his address to Cumberland, to be sure he received premium bills. Subsequently, when they were divorced, he was concerned about maintaining coverage on both vehicles, particularly for the protection of his children. So far as he knew, there were no changes in coverage with Aetna for the automobiles from before the divorce decree and for the next several months thereafter. His intention was to continue that coverage, for which he paid the premiums (dep. p. 16, 17).
Addressing Count I, Crocker's application for insurance, July 26, 1984 lists him as the applicant and as primary driver of one car, and the plaintiff here, his wife, as primary driver of the other. The policy was renewed every six months. Subsequent declaration sheets, including the period January 26 to July 26, 1989, listed the named insured as Joseph P. Crocker and his wife Diane as one of the two drivers of the insured vehicles. Thus, at the time of the accident here, she was not a named insured on the policy, was not his wife, final decree of divorce having terminated the marriage, and she was not occupying a covered vehicle. Clearly, on the face of the policy, plaintiff not is entitled to uninsured motorist protection.
Defendant's motion for summary judgment as to Count I should be, and hereby is granted. Order to enter.[1]
Addressing Count II, the question of just what was intended, as policy coverage for plaintiff, is murky. It might be that if Crocker intended no change in coverage, he meant to continue coverage for plaintiff because, until the divorce, she was a "named insured" under that part of the policy DEFINITIONS which reads as follows:
 "Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household . . ."
But, the Christine Crocker affidavit states she called defendant, in his behalf and stated he wished to continue to carry insurance coverage "to protect himself from liability because she refused to insure the vehicle herself, and only Diane L. Crocker would be driving said vehicle." Viewing the material before it in the light most favorable to plaintiff (O'Hara v. John Hancock LifeIns. Co., 574 A.2d 135 (R.I. 1990)), the Court cannot say it is ". . . clear beyond a reasonable doubt that the plaintiff could not conceivably prove facts which would qualify him (her) for judicial relief." Warren Education Association v. Lapan,103 R.I. 163 at 170-1.
Plaintiff's and defendant's motions for summary judgment on Count II should be, and each hereby is, denied. Order to enter.[2]
[1] This is not a proper case for entry of final judgment under R.C.P. 54(b).
[2] Because memoranda contain relevant exhibits, they will be retained in the file.