[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on defendant Sarepera's motion for summary judgment. An earlier similar motion was granted in part by another judge of this Court and order thereon was entered November 24, 1992. The holding was that defendant Sarepera owed no duty to plaintiff, a pedestrian, to repair or maintain the public sidewalk where plaintiff fell. The motion before the Court, supported by affidavit and deposition testimony, argues allegations by plaintiff that defendant Sarepera's unkempt hedge blocked street lights from illuminating the sidewalk "are inherently improbable."
Having reviewed the relevant material before it, the Court holds the motion should be and it hereby is denied. While the data supporting defendant's motion largely negate plaintiff's averments and her affidavit, the Court here must view the material before it in the light most favorable to plaintiff.Mullins v. Federal Dairy Co., 568 A.2d 759 (R.I. 1990). Unless the Court is satisfied that it is "clear beyond a reasonable doubt that the plaintiff could not conceivably prove facts which would qualify him for judicial relief", the motion must be denied. Warren Education Association v. Lapan, 103 R.I. 163. The Court is not so satisfied here. And, the Court does not resolve issues posed by competing affidavits (and deposition testimony). O'Connor v. McKanna, 116 R.I. 627 at 633.
The "inherently improbable" argument must fail. "Improbable" is defined in Black, Fifth Edition, as "unlikely to be true." And this, of course, would require the Court to evaluate the evidence, something it cannot do on motion for summary judgment.
Order to enter.