[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on motion of defendant for summary judgment. His son, the intestate, was a resident in the home, and a family member, of his aunt who carried an automobile policy with plaintiff. He had taken his girlfriend home, from Newport to Johnston, and sat in his uninsured car while she went into the house and obtained some cassettes. After she returned, he got out of the car and they stood in the street, he closest to passing traffic and she against the car, embracing, this for several minutes. At that time, plaintiff's decedent was struck and killed by a passing uninsured motorist. The plaintiff filed this declaratory judgment in two counts, averring in Count I that the decedent was occupying his uninsured vehicle at the time he was struck and so is not entitled to the uninsured motorist coverage carried by his aunt. The exclusion in her policy affords no coverage for one "while occupying — a motor vehicle — owned by you — which is not insured for this coverage." The policy goes on to define "occupying" as "in, upon, getting in, on, out or off." The second count avers late notice in violation of policy requirements, with resulting prejudice. The counterclaim is surplusage here but the Court notes plaintiff filed an answer (sic — see R.C.P. 7(a), which designates such as a "reply.") There is no dispute as to the facts here. Before it, the Court has a policy identical to the one in question, defendant's memorandum with supporting data in support of his motion for summary judgment, plaintiff's memorandum with supporting data, and defendant's reply memorandum.
Having reviewed the material before it, the Court is satisfied that the motion for summary judgment should be, and it hereby is denied. The situation re the first count is close, but the Court must view the material before it in the light most favorable to the plaintiff. Mullins v. Federal Dairy Co.,568 A.2d 759 (R.I. 1990). And the Court is not satisfied here that it is "clear beyond a reasonable doubt that the plaintiff could not conceivably prove facts which would qualify him for judicial relief." Warren Education Association v. Lapan, 103 R.I. 163. And certainly, the question of prejudice in Count II calls for resolution of facts.
Order to enter.