671 So.2d 298 (1996)
Daniel KNIGHT and Rebecca Knight, Appellants,
v.
ROBERTS RV RESORT, Appellee.
No. 94-03799.
District Court of Appeal of Florida, Second District.
April 12, 1996.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Bill Wagner of Wagner, Vaughn & McLaughlin, P.A., Tampa, for Appellants.
Deborah A. Cerminaro and Jeffrey Lawrence Hinds of Wilson & Associates, Brandon, for Appellee.
RYDER, Acting Chief Judge.
Daniel and Rebecca Knight's personal injury action against Roberts RV Resort and its employee, Robert Haseltine, arose from an incident whereby Mr. Knight was thrown from a golf cart driven by Mr. Haseltine. The Knights contest the trial court's summary final judgment in favor of Roberts RV Resort on the question of the ownership of the golf cart and whether Haseltine was acting in the course and scope of his employment at the time of the accident. Because we conclude that there is a genuine issue of material fact, we reverse and remand for further proceedings.
The Resort supported its motion for summary judgment with depositions of Haseltine and its manager-bookkeeper, Nancy Bowen. Also, Resort documents such as handwritten and cash register receipts, payroll and tax records were annexed in support of the summary judgment motion. The appellants filed opposing affidavits.
Bowen and Haseltine testified that the golf cart was purchased from the Resort by Haseltine several months prior to the accident. The Knights swore by affidavit that Haseltine *299 stated that the golf cart belonged to the Resort. The appellants deposed Bowen three times and cite inconsistencies in her testimony concerning the sale. Although she initially testified that no documentation supported the sale of the golf cart, she later produced a handwritten receipt taken from an infrequently used form book. Her deposition testimony also varied concerning the manner in which Haseltine paid for the golf cart. The Resort's tax documents reflect that no golf carts were sold during the year. Moreover, the Resort supplied other golf carts at no cost to its employees on a twenty-four hour basis. On the other hand, the deposition testimony supports the inference that Haseltine was the owner of the golf cart, maintained control over it and parked it adjacent to his trailer unit at the Resort. His timecard shows that he was not on duty at the time of the accident, but the Knights' affidavits state that he was on duty twenty-four hours.
A golf cart is a dangerous instrumentality. Meister v. Fisher, 462 So.2d 1071 (Fla.1984). The beneficial ownership doctrine imposes tort liability for damages which arise from its negligent operation on the individual who maintains control over the vehicle and who receives the benefits from such control. Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635 (Fla.1955).
As the movant, the Resort had to prove the absence of a genuine issue of material fact relative to the ownership of the golf cart and Haseltine's employment status at the time of the accident. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). The burden is not shifted to the nonmovant to show that issues remain to be tried until the movant has successfully met this burden. 191 So.2d at 43-44. The nonmovant's papers should be liberally construed, as opposed to a strict reading of the movant's papers. 191 So.2d at 46. If the evidence raises even the slightest doubt on the question of the ownership of the cart or the employee's status, summary judgment is impermissible. Holl.
We conclude that a genuine disputed material issue of fact precludes summary judgment, and, therefore, reverse.
Reversed and remanded for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.