KHOUZAM, NELLY N., Associate Judge.
The plaintiffs (the Brewers) appeal a final summary judgment in favor of the defendant (Gulfcoast) and the denial of their motion to amend the complaint to add a claim for punitive damages. The Brewers’ complaint sought damages for injuries Mr. Brewer sustained while operating a crane allegedly owned by Gulfcoast. Gulfcoast’s motion for summary judgment contended there was no genuine issue of material fact that it did not own the crane which Mr. Brewer was operating.
We reverse the summary judgment because the evidence fails to demonstrate as a matter of law that Gulfcoast is not the owner of the crane. In particular, Gulfcoast relied on the affidavit of Raymond Carl Smith and the exhibits attached to it. The affidavit attempts to explain conflicts within the exhibits. Resolution of such conflicts is for the trier of fact and cannot be resolved by summary judgment. Myers v. Charlotte County, 555 So.2d 1322 (Fla. 2d DCA 1990). The discrepancy in Gulfcoast’s own proof raises a genuine issue of material fact as to the ownership of the crane. See, e.g., Knight v. Roberts RV Resort, 671 So.2d 298 (Fla. 2d DCA 1996) (reversing summary judgment in negligence action where evidence raised “slightest doubt on question of ownership”). See generally Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995).
After the trial court granted summary judgment in favor of Gulfcoast, it denied the Brewers’ motion to amend their complaint as moot. Because we are reversing that judgment, we also reverse the denial of the Brewers’ motion to amend, without prejudice to the trial court’s considering the merits of that motion on remand.
Reversed and remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and PATTERSON, J., concur.