698 So.2d 345 (1997)
SUNRISE GIFT & SOUVENIR, INC., Larry Bessey, d/b/a Phase III Electric, Jim Baker Construction, Inc., Vista Partners, Sellar-Morris Properties, Inc., et al., Petitioners,
v.
Richard MARCOTTE, et al., Respondents.
Nos. 97-1309, 97-1310, 97-1312 and 97-1464.
District Court of Appeal of Florida, Fifth District.
August 15, 1997.
George E. Carr of O'Neill, Chapin, Marks, Liebman, Cooper & Carr, Elizabeth C. Wheeler of Johnson & Bussey, P.A., Nicholas A. Shannin and Michael J. Krakar of McDonough, O'Dell, Beers, Wieland & Krakar, P.A., and W. David Rogers, Jr. and David C. Knapp of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for Petitioners.
David D. Guiley of Maher, Gibson & Guiley, P.A., Orlando, and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Respondents.

ON MOTION TO DISMISS
DAUKSCH, Judge.
Petitioners, who are being sued by a firefighter and the estates of two deceased firefighters (respondents), filed motions for summary judgment asserting that they were not liable based on the Fireman's Rule. The trial judge granted the motions for summary judgment, but was then disqualified from acting in the case further. The respondents filed a motion for reconsideration of the disqualified judge's order pursuant to Florida *346 Rule of Judicial Administration Procedure 2.160(h). The successor judge granted the motion, vacated the predecessor judge's order and entered an order denying petitioners' motions for summary judgment. Petitioners seek certiorari review of that order and respondents have filed a motion to dismiss.
Petitioners claim they are irreparably harmed by the trial court's order because the Fireman's Rule is like a qualified immunity from suit and denying them the protection of the rule will force them to go through a trial, losing the benefit of the alleged immunity. The Fireman's Rule provides that once a firefighter is on the premises, he or she has the status of a licensee, so the sole duty owed by the owner or occupant of the premises is to refrain from wanton negligence or willful conduct and to warn the firefighter of any known dangerous defect or condition which is not open to ordinary observation by the firefighter. See Kilpatrick v. Sklar, 548 So.2d 215, 216 (Fla.1989), quoting P.J.'s of Daytona, Inc. v. Sorenson, 520 So.2d 613, 614 (Fla. 5th DCA 1987), rev. den., 529 So.2d 695 (Fla.1988).
Petitioners argue that the Fireman's Rule is similar to the qualified immunity granted to public officials. In Tucker v. Resha, 648 So.2d 1187 (Fla.1994), the Florida Supreme Court held that a public official asserting qualified immunity as a defense to a federal civil rights claim was entitled to interlocutory review of an order denying summary judgment and rejecting the defense. The court found that a public official's qualified immunity should be considered an immunity from suit. Without interlocutory review, the court concluded that the immunity from suit would effectively be lost.
The Fireman's Rule is not the same as a public official's qualified immunity. The Fireman's Rule does not preclude recovery by firemen under all circumstances, as pointed out in Bennis v. State Chemical Manufacturing Co., 682 So.2d 574 (Fla. 4th DCA 1996), and does not provide immunity from suit. In addition, in Department of Education v. Roe, 679 So.2d 756 (Fla.1996), the supreme court refused to expand its ruling in Tucker to allow interlocutory review of nonfinal orders denying sovereign immunity claims, finding that the benefit of such an immunity is not lost merely because the state must wait until after a final judgment is entered before obtaining review of an adverse ruling. The court also emphasized that not every issue with the potential to terminate litigation is subject to interlocutory review.
Applying that reasoning to this case, it is clear that if petitioners do not prevail at trial, any error in the application of the Fireman's Rule can be remedied in the plenary appeal. The delay and expense of proceeding to trial is not in itself sufficient injury to justify certiorari review. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987) (expense and inconvenience of a trial is insufficient harm to justify certiorari review).
Petitioners also argue that the successor judge departed from the essential requirements of law in reconsidering the order granting summary judgment when no factual or legal argument was asserted. However, Rule 2.160(h) does not limit the scope of a successor judge's review to new matters and so a motion for reconsideration is not analogous to a motion for rehearing. In addition, petitioners have failed to show irreparable harm as a result of the reconsideration. Therefore, we grant respondents' motion to dismiss and dismiss the petitions for writ of certiorari.
PETITIONS DISMISSED.
GOSHORN and HARRIS, JJ., concur.