PER CURIAM.
This is an appeal from the entry of a final summary judgment. The appellee law firm sued appellants, David Frome Greenberg individually and 900 I.N. Direct, Inc. (“Direct”) for unpaid legal bills in a three-count complaint for open account, account stated, and services rendered to Direct. The firm sought to impose individual liability against Greenberg pursuant to section 607.1421(4), Florida Statutes (1997) [1] because Greenberg allegedly was a director of Direct who continued to conduct business and incur the legal bills at issue on behalf of Direct after this corporation had been administratively dissolved. Final summary judgment was entered by the lower court on all of the firm’s causes of action and this appeal followed.
Based upon our careful and thorough review of the record evidence before us, we conclude that summary judgment was improvidently entered in this cause where there is a genuine factual dispute both as to whether the firm’s legal services were in fact rendered to appellants at their request and whether the invoices being sued upon were accurate even if such services were requested. Where there exist issues of material *338 fact, summary judgment cannot be granted. See Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Valk v. J.E.M. Distribs. of Tampa Bay, Inc., 700 So.2d 416, 417 (Fla. 2d DCA 1997); Pic-Morris, Inc. v. Isfan, 683 So.2d 676, 676-77 (Fla. 4th DCA 1996); Rocking Chair Motel, Inc. v. FDIC, 529 So.2d 1277, 1277 (Fla. 5th DCA 1988). Moreover, the entry of summary judgment against Green-berg in his individual capacity pursuant to section 607.1421 was also error where the parties’ pleadings created an issue of fact as to whether the appellant corporate entity was in fact administratively dissolved as alleged and the appellee firm thereafter came forth with no proof of this entity’s alleged dissolution as part of its motion for summary judgment. Thus, as here, where the moving party for summary judgment failed to meet its burden of demonstrating the non-existence of material issues of fact by competent evidence on this issue, the burden never shifted to the appellants to come forward with evidence in opposition to the motion and the motion should have been denied. See Carbonell v. BellSouth Telecomms., Inc., 675 So.2d 705, 706 (Fla. 3d DCA 1996); Knight v. Roberts RV Resort, 671 So.2d 298, 299 (Fla. 2d DCA 1996); Knight Energy Servs., Inc. v. Amoco Oil Co., 660 So.2d 786, 788 (Fla. 4th DCA 1995); Star Lakes Estates Ass’n, Inc. v. Auerbach, 656 So.2d 271, 274 (Fla. 3d DCA 1995); Zoda v. Hedden, 596 So.2d 1225, 1226 (Fla. 2d DCA 1992).
Reversed and remanded for further proceedings.

. The pertinent part of the statute states:
A director, officer, or agent of a corporation dissolved pursuant to this section, purporting to act on behalf of the corporation, is personally liable for the debts, obligations, and liabilities of the corporation arising from such action and incurred subsequent to the corporation’s administrative dissolution only if he or she has actual notice of the administrative dissolution at the time such action is taken[.]
§ 607.1421(4), Fla. Stat. (1997).