785 So.2d 589 (2001)
FIRST UNION NATIONAL BANK OF FLORIDA, Appellant,
v.
Nancy RUIZ, Appellee.
No. 5D00-698.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
Rehearing Denied May 30, 2001.
J. Thomas Kilpatrick and Christine M. MacIver of Alston & Bird LLP, Atlanta, Meredith W. Holler of Alston & Bird LLP, Charlotte, and Christopher J. Coleman of Schillinger & Coleman, P.A., Melbourne, for Appellant.
Wayne L. Allen and Adrienne E. Trent of Wayne L. Allen & Associates, P.A., Melbourne, for Appellee.

*590 ON MOTION FOR REHEARING

COBB, J.
We grant the appellee's motion for rehearing, vacate our prior opinion in this cause filed on January 12, 2001, and substitute therefor the following opinion:
First Union National Bank of Florida (First Union) appeals a final judgment in favor of Nancy Ruiz (Ruiz), a former employee of First Union, in an age discrimination suit. After the jury found willful discrimination and awarded Ruiz the sum of $123,939.04 in damages, final judgment was entered for that amount, and for another $123,939.04 in liquidated damages, for a total award of $247,878.08, bearing interest at the rate of 10% per annum.
The facts adduced below show that Ruiz commenced employment in 1968 with Florida National Bank, which merged with First Union on January 29, 1990. She was terminated by First Union on November 5, 1991, ostensibly for failure to meet performance standards. At that time she was 44 years of age. First Union kept her on the payroll through December 31, 1991. Ruiz claimed age discrimination under the Florida Civil Rights Act (FCRA), section 760.10, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1); 29 U.S.C. § 626(b) & (c); 29 U.S.C. §§ 217, 216(b).
On May 30, 1992, Ruiz submitted a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging she was terminated based on age discrimination. The EEOC sent a letter of determination to Ruiz finding that the evidence obtained during the investigation did not establish a violation of the statute. The letter notified Ruiz she had 90 days to file a civil rights action under the ADEA. Ruiz filed her complaint based upon FCRA on November 1, 1993. Two years after filing her initial complaint, which was based only on an FCRA claim, she amended it to include the ADEA claim.
On appeal First Union raises numerous arguments. The primary ones are based upon its affirmative defenses relating to applicable statutes of limitations.[1] First Union phrases these points as follows:

1. THE CIRCUIT COURT JUDGE ERRED IN DENYING FIRST UNION'S MOTIONS FOR SUMMARY JUDGMENT AND DIRECTED VERDICT BASED ON THE FACT THAT RUIZ'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.
A. THE CIRCUIT COURT JUDGE ERRED IN DENYING FIRST UNION'S MOTIONS BASED ON THE FACT THAT RUIZ FAILED TO FILE HER COMPLAINT WITHIN 90 DAYS OF RECEIPT OF HER RIGHT TO SUE NOTICE AND THUS, HER ADEA CLAIM IS TIME BARRED.
B. THE CIRCUIT COURT JUDGE ERRED IN DENYING FIRST UNION'S MOTIONS BASED ON THE FACT THAT RUIZ FAILED TO FILE A CHARGE WITHIN 180 DAYS OF THE ALLEGED VIOLATION AND THUS HER FCRA CLAIM IS TIME BARRED.
*591 The critical issue on appeal is that posed by the trial court's denial of First Union's motion for summary judgment based upon the latter's argument that Ruiz's ADEA claim was barred by her failure to file it within the 90 day period prescribed by 29 U.S.C., section 626(e).[2] Although conceding that Ruiz's ADEA claim could relate back to the time she filed her FCRA claim on November 1, 1993, First Union contends that there was still a 145 day lapse between that date and the date shown on the face of the EEOC letter, which was June 9, 1993. First Union argues that it is presumed that Ruiz received the letter within three days of that date, citing to Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149 150, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). It would therefore appear, argues First Union, that the statute of limitations for filing the ADEA action began to run on June 12, 1993. This would mean more than 90 days elapsed before she filed her action on November 1, 1993. Although the ADEA claim could relate back to the filing of the action, it still would be some 52 days too late. Therefore, argues First Union, it was also entitled to a summary judgment in regard to the limitations defense to the ADEA action.
We could agree with First Union except for one crucial omission: It failed to properly establish the date that EEOC actually sent the letter to Ruiz, thereby incepting the three day presumption of receipt and the running of the 90 day period. All that First Union did for purposes of the summary judgment hearing was attach the EEOC letter to its motion for summary judgment. It did not submit an affidavit of mailing from EEOC or obtain an admission of record (via deposition, interrogatory, or request) from Ruiz as to the date, or even approximate date, that she received it. Although the brief filed by Ruiz's attorney in opposition to the motion for summary judgment admitted that she did receive it, that did not establish when she received it. Moreover, we note that merely attaching an unsworn document, in this case the EEOC letter, to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Florida Rule of Civil Procedure 1.510(e). See Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 708 (Fla. 4th DCA 1997). Ruiz is correct that First Union failed to properly submit the EEOC letter for purposes of the summary judgment hearing, and it did not establish the date of receipt by Ruiz, as was its burden as the proponent of an affirmative defense.
It may be, as suggested by First Union, that the trial judge based his denial of the summary judgment upon his misconception that the applicable period was two years, as contended by Ruiz, rather than 90 days. But even if his ruling was for the wrong reason, the trial judge was correct in denying First Union's motion for summary judgment in respect to the ADEA limitation period. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644-645, n. 8 (Fla.1999).
Since the ADEA claim was properly *592 submitted to the jury,[3] any error by the trial court in respect to the FCRA claim was harmless, and Ruiz prevails pursuant to the two-issue rule. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977). We find no error in regard to the other issues raised by First Union.
AFFIRMED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] The issue of the limitation period, contrary to the disingenuous argument of Ruiz in her motion for rehearing, was preserved for appellate review by the trial court's denial of First Union's motion for summary judgment. See Rule 9.130(g), Fla.R.App.P.; Sunrise Gift & Souvenir, Inc. v. Marcotte, 698 So.2d 345 (Fla. 5th DCA 1997). Ruiz, the appellee, never challenged the preservation of the limitation issue in her brief or even at oral argument.
[2] The applicability of the 90 day time period in this case is clearly established by the opinion of the Eleventh Circuit in Browning v. AT & T Paradyne, 120 F.3d 222 (11th Cir.1997). The unequivocal holding in that case is that where the alleged discriminatory conduct which is the subject of an ADEA complaint occurred prior to the enactment of the Civil Rights Act of 1991, but the EEOC's termination of the administrative proceedings occurred after the enactment, the 90-day limitations period controls. Accord St. Louis v. Texas Worker's Compensation Comm'n, 65 F.3d 43 (5th Cir.1995); Garfield v. J.C. Nichols Real Estate, 57 F.3d 662 (8th Cir.1995).
[3] First Union does not argue that this evidentiary deficiency was in any way cured at trial and therefore the trial court correctly denied the bank's motion for directed verdict on the statute of limitations issue as it pertains to the ADEA claim.