RAMIREZ, J.,
(dissenting).
I respectfully dissent. The motion for summary judgment should not have been granted in favor of Quality and Alcantara because the parties had engaged in almost no discovery and there remained issues of material fact, particularly whether Buzzi’s car wash was in violation of Motiva’s “rules and regulations.”
For thirteen years, appellee has been operating a “hand car wash” at the gas station located at 795 Hialeah Drive, Hialeah, Florida. The car wash had been operating without a license and without complying with the regulations of the environmental authorities.
Luis Buzzi entered into a ten year lease agreement with appellee and invested his money into the venture, including obtaining the necessary permits and licenses. Less than four months into his lease, ap-pellee informed Buzzi that suddenly Moti-va Enterprises LLC, the owner of the gas station, did not want a hand car wash on the premises. At the time of hearing on the motion for summary judgment, no discovery had taken place. There was a motion to strike pending which attacked the Motiva letter which had been attached as an exhibit to the counterclaim. The trial court never ruled on the motion to strike. The majority relies on this Motiva letter to support its decision to affirm the summary judgment of eviction. Despite all these problems with the state of the record, the trial court granted summary judgment.
First, I disagree with the majority that Buzzi admitted the authenticity of the Mo-tiva letter. In his Motion to Strike Exhibits, Buzzi denied that Motiva advised Quality that the car wash was in violation of Motiva rules. R. at 91.[1] Furthermore, in his Response to Motion for Summary Judgment, Buzzi specifically challenged the authenticity of the Motiva letter. R. at 94. Without acknowledgment of its authenticity, an unsworn letter cannot be used to support the motion for summary judgment. See First Union Nat’l Bank of Fla. v. Ruiz, 785 So.2d 589, 591 (Fla. 5th DCA 2001).
The concurrence finds no error in the trial court’s consideration of the Motiva letter reasoning that “[pjleadings, by law, can be considered for any purpose, including a motion for summary judgment.” The only citation support for this novel proposition is rule 1.130(b), Florida Rules of Civil Procedure, which states that: “Any exhibit attached to a pleading shall be considered a part thereof for all purposes.” The two cases also cited by the concurrence have nothing to do with the issue, which is the use of an unauthenticated, and undisputedly hearsay, letter as evidence to decide a hotly disputed issue by way of summary judgment; that is, whether the operation of a hand car wash violated the Shell Oil and Motiva rules and regulations.
It is not clear what the concurrence means by stating that the letter may be “considered” in connection with a motion for summary judgment. The majority, however, is not just “considering” the letter. My colleagues are using it to find that appellees were entitled to evict Buzzi *18 from the premises because the car wash was in violation of the Motiva rules and regulations.
The rule dealing with summary judgment is not rule 1.130(b); it is rule 1.510, which does not mention letters or exhibits, but does mention affidavits frequently. In particular, rule 1.510(c) states that summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” (emphasis added). Certainly, pleadings may be considered to frame the issues, but they are merely that, pleadings, which are defined as “[t]he formal allegations by the parties of their respective claims and defenses.” Black's Law Dictionary 601 (5th ed.1983). Once those allegations are denied, as they were here, they cannot be used to establish factual disputes.
The use of the Motiva letter runs counter to a long line of Florida and federal jurisprudence holding that unsworn and unauthenticated documents cannot be used either to grant or deny summary judgment. See First Union Nat’l Bank of Fla., 785 So.2d at 591, stating that (“merely attaching an unsworn document, in this case the EEOC letter, to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Florida Rule of Civil Procedure 1.510(e).”); Bifulco v. State Farm Mut. Auto. Ins. Co., 693 So.2d 707, 709 (Fla. 4th DCA 1997) (“Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in rule 1.510(e), Florida Rules of Civil Procedure. Moreover, rule 1.510(e) by its very language excludes from consideration on a motion for summary judgment, any document that is not one of the enumerated documents or is not a certified attachment to a proper affidavit.”)(footnote omitted); Harris v. Wilson, 656 So.2d 512, 516-17 (Fla. 1st DCA 1995)(“The language of rule 1.510, Florida Rules of Civil Procedure, reflects a clear intent to allow courts to consider only that information which has been either admitted by the parties (i.e., admissions, interrogatories, or answers) or which establishes the existence or nonexistence of material facts in dispute through affidavits and information which has been timely presented. The documents submitted by the appellants do not comport with this intent of the rule as they were not timely filed nor were they accompanied by an affidavit. Appellants attempted to file, as an exhibit to their supplemental response to defendants’ motion for summary judgment, various documents purportedly obtained through discovery. No accompanying affidavit was provided with those documents, and the only discussion concerning what they allegedly represented was by the attorney in her own memorandum. As such, submission of the documents was not in compliance with rule 1.510, Florida Rules of Civil Procedure.”); Tunnell v. Hicks, 574 So.2d 264, 266 (Fla. 1st DCA 1991)(“The Declaration of Forfeiture was unauthenticated and was not filed prior to the hearing, pursuant to rule 1.510(c). The copy of the letter from Tunnell was an unauthenticated exhibit attached to the motion to dismiss, whereas the provisions of rule 1.510(c) require the court, in determining the propriety of a motion for summary judgment, to consider only ‘pleadings, depositions, answers to interrogatories and admissions on file together with affidavits.’ Tunnell failed to attach either document to affidavits that presumably would have ensured their admissibility.”) (citations omitted); C. Wmght, A. MilleR & M. *19 Kane, FedeRAL Peactice & PROCEduee § 2722 (1983) (under the comparable federal rule, exhibits may be considered only if authenticated by and made part of an affidavit); Edward B. Marks Music Corp. v. Stasny Music Corp., 1 F.R.D. 720 (S.D.N.Y.1941) (court correctly did not consider letter that was neither authenticated nor attached to affidavit).
Even if the Motiva letter is considered, summary judgment should have been denied because the letter does not show that there is no issue of material fact. The agreement provides that the sublease is subject to termination if the car wash does not “follow all Shell Oil and Motiva rules and regulations.” R. at 79. It does not provide that the agreement is subject to termination if Motiva does not consent to the presence of the car wash on the premises. “Consent” was not the issue; instead, the issue was whether the car wash violated the rules and regulations of Shell Oil and Motiva. The letter never expressly makes such a statement. Furthermore, if the car wash was in violation of a rule or regulation in the franchise agreement between Motiva and Quality, a properly authenticated copy of that agreement should have been filed in support for summary judgment. As the majority candidly concedes, the record does not contain a copy of the agreement. Because the letter does not otherwise show that the car wash is in violation of Motiva “rules and regulations,” this material fact remains in dispute.
Santos’ affidavit, on which the majority heavily relies, and which the concurrence admits was “inartfully drawn,” does no more than the letter to prove that there is no material fact in dispute. Santos professes to be the Retail Marketing Consultant for Motiva with respect to the Quality station. Does that mean that he is an independent consultant for Motiva? Santos stated in his affidavit that Motiva “has always limited the authorized activities on its properties”; that Motiva “no longer permits a hand detailed car wash like the one located at [the Quality station] to be run on Motiva property”; and that “operation of the hand car wash on the property is a breach of lease with Motiva.” R. at 80-81. The affidavit, like the letter, studiously avoids explicitly discussing whether or not the car wash violates Shell Oil and Motiva rules and regulations. Furthermore, what qualifies Santos to render a legal opinion that the car wash constitutes a breach of the lease? Even if Santos were a graduate of Yale Law School, since when do we decide legal issues on the opinions of lawyers, which I suspect Santos is not?
Like the Motiva letter, the affidavit references no specific section of the Motiva-Quality franchise agreement, or any other Motiva rule or regulation. Absent proof of a violation by the car wash of a rule or regulation in the franchise agreement or elsewhere, Santos’ statements amount to legal or factual conclusions, upon which an affidavit in support of summary judgment may not be based. Florida Dep’t. of Fin. Servs. v. Assoc. Indus. Ins. Co., 868 So.2d 600, 602 (Fla. 1st DCA 2004). Because the documents in support of the motion for summary judgment state conclusions, they do not suggest the absence of an issue of material fact; thus the burden is not shifted to the nonmovant to present evidence to the contrary. Greenberg v. Hall, Dickler, Kent, Friedman, and Wood, L.L.P., 718 So.2d 337, 338 (Fla. 3d DCA 1998).
If general conclusions such as that the car wash was in violation of Motiva rules and regulations, like those in the letters and the Santos affidavit, would suffice to shift the burden to the nonmovant, Buzzi’s statements in response to the Motion for Summary Judgment should be enough to show that an issue of material fact remains. Buzzi stated in his affidavit that *20 the car wash “complied with all terms and conditions of the [Car Wash Rental] Agreement,” which includes the requirement that it follow all Motiva rules and regulations. R. at 98. Furthermore, in their affidavits, two employees of the car wash stated that “Buzzi has complied with all requirements under the [Car Wash Rental] Agreement.” R. at 101-102. Under the rationale used to suggest that Santos’ conclusions suffice to shift the burden, the statements of Buzzi and his employees should be sufficient to carry that burden.
In conclusion, neither the letters, the authenticity of which has not been verified, nor the affidavit of Santos, which states mere conclusions, prove that the car wash has violated Motiva rules or regulations. Moreover, the affidavits of Buzzi and the car wash employees controvert the statements made by Santos in his affidavit. The foregoing indicates that the issue of whether the car wash is in violation of Motiva rules and regulations remains in dispute. I would thus reverse the trial court’s decision to grant summary judgment of eviction.

. Buzzi denied paragraph 3 of the counterclaim, which pertains to the Motiva letter.